UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

C.R. and J.R., individually and as
Next Friends of JOE R., a minor,

    Plaintiffs,          No. 14-14531

v.          District Judge Patrick J. Duggan
         Magistrate Judge R. Steven Whalen

NOVI COMMUNITY SCHOOL
DISTRICT, ET AL.,

    Defendants.
                                          /

**ORDER**

        For the reasons and under the terms stated on the record on August 6, 2015, Plaintiffs' Motion to Overrule Objections to Requests for Production and to Compel production of Discovery [Doc. #41] is GRANTED to the extent that the discovery at issue will be produced subject to the protections set forth below and stated on the record, but DENIED as to Plaintiffs' request for sanctions.

        Both the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g(b)(2)(B), and the Health Insurance Portability and Accountability Act ("HIPAA"), 42 U.S.C. § 1320d; 45 C.F.R. § 164.512(e), provide for disclosure of otherwise confidential information "in compliance with a judicial order," for use in a judicial proceeding. This litigation exception to disclosure applies here. *See Edmonds v. Detroit Pub. Sch. Sys.*, 2012 WL 5844655, *3 (E.D. Mich.2012). Statutory confidentiality provisions such as those under FERPA and HIPAA do not create evidentiary privileges. *See Seales v. Macomb County*, 226 F.R.D. 572, 577 (E.D. Mich. 2005).

        Production of documents that fall within FERPA and HIPAA will be subject to the

stipulated protective order entered in this case [Doc. #33]. In addition, documents that fall within FERPA will be subject to the condition that Defendant Novi Community School District make a reasonable effort to notify student JJ and his parents of this Order "in advance of the compliance therewith." 20 U.S.C. § 1232g(b)(2); *Edmonds* at *4.[1]

All discovery covered by this Order shall be produced within 21 days of the date of this Order.

IT IS SO ORDERED.

/s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Date: August 6, 2015

### Certificate of Service

I certify that a copy of this order was served upon parties of record on August 7, 2015 via electronic or postal mail.

/s/A. Chubb
CASE MANAGER

---

[1] In 20 U.S.C. § 1232g(b)(2), Congress did not provide students or parents a right or mechanism to object to a judicial order compelling production. 34 C.F.R. § 99.31(9)(ii) states that when production is ordered by a court, the agency or institution must "make[] a reasonable effort to notify the parent or eligible student of the order or subpoena in advance of compliance, so that the parent or eligible student may seek protective action." But in *Whittaker v. Morgan State University*, 842 F.Supp.2d 845, 846 -847 (D.Md. 2012), the Court, finding that "it is unlikely that a federal agency can confer jurisdiction upon a court where Congress has refrained from doing so," held that the students had no standing to object to the judicial disclosure order. *But see Rios v. Read,* 73 F.R.D. 589, 601 (E.D.N.Y.1977), where the Court found it "pointless" to require notification if students have no opportunity to object. However, while Defendant School District is statutorily required to notify, the issue or standing to object is not ripe for decision here.