UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

C.R. and J.R., individually and as
Next Friends of JOE R., a minor,

                Plaintiffs,

v.                                    Case No. 14-14531
                                      HON. TERRENCE G. BERG
NOVI COMMUNITY SCHOOL       HON. R. STEVEN WHALEN
DISTRICT, et al.,

                Defendants.
_____/

**ORDER GRANTING PLANTIFFS' MOTION TO OVERRULE OBJECTIONS AND COMPEL PRODUCTION OF SUBPOENAED DOCUMENTS (DKT. 58)**

This is a case involving claims of negligence and deliberate indifference against the Novi Community School District and certain teachers there, for failing to protect Plaintiff Joe R., a student, from alleged sexual harassment and abuse at the hands of J.J., a classmate.[1] (*See* Dkt. 12.) J.J. is not a party to this action. (*See id.*) Plaintiffs' Amended Complaint presents claims under Title IX, 20 U.S.C. §1681, *et seq.*, 42 U.S.C. § 1983, and § 504 of the Rehabilitation Act of 1973/Americans with Disabilities Act of 1990, 42 U.S.C. 12101, *et seq.* (*Id.*)

Before the Court is Plaintiffs' unopposed November 24, 2015 motion to compel four non-parties to produce medical records. (Dkt. 58.) During discovery conducted between September and October 2015, Plaintiffs subpoenaed four psychiatric treatment facilities where J.J. was treated: Havenwyck Hospital, Inc.,

---

[1] On October 22, 2015, this case was reassigned to the undersigned from the Honorable Nancy G. Edmunds. (Dkt. 55.)

Oakland County Children's Village, Providence-Providence Park Hospital, and New Oakland Family Centers. (*See* Dkt. 58, Exs. C-F.)

In each subpoena, Plaintiffs requested "any and all records" of J.J. from January 1, 2009 to the present. (*Id.*) Although this general request is accompanied by a short list of specific categories of materials that is different for each hospital, Plaintiffs seek production from each hospital of their entire file on J.J. (*See id.*) None of the subpoenaed parties agreed to produce the records without a court order, although Oakland County Children's Village made them available for inspection. (*Id.* at Exs. G-I.)

The Court discussed this issue with the parties during a telephonic status conference with on November 18, 2015. Plaintiff's Counsel stated that the subpoenaed parties would not produce the requested documents without an order from this Court compelling them to do so for fear of incurring liability under the privacy provisions of the Health Insurance Portability and Accountability Act ("HIPPA"), Pub. L. 104-191, 110 Stat 1936. Plaintiff then sought leave to file a motion to enforce the subpoena. Defense Counsel indicated to the Court that while he would not oppose such a motion, he would not stipulate to the production of the requested documents either. Accordingly, the Court granted Plaintiffs' Counsel leave to file this motion.

Plaintiff's motion to enforce the subpoena is now before the Court. Defendants have filed no response in opposition. Providence-Providence Park Hospital filed a response to Plaintiffs' motion on December 4, 2015 explaining its

reasons for not producing the subpoenaed documents. (Dkt. 63.) Providence-Providence Park Hospital contends that although it does not generally oppose producing the requested documents,[2] it believes that it may not do so under Michigan law or HIPPA without "a HIPAA-compliant patient authorization or a direct order signed by a judge."[3] (*Id.* at 9.) None of the other subpoenaed parties have filed any objections to Plaintiffs' motion.

As Plaintiffs note in their motion, a stipulated protective order was entered in this case on April 22, 2015. (Dkt. 33) Moreover, the issue of whether HIPPA creates an evidentiary privilege was previously litigated and resolved in this case by the Honorable Magistrate Judge R. Steven Whalen. (*See* Dkt. 49.) On June 29, 2015, Plaintiffs filed a substantially similar motion to compel, seeking to require Defendant Novi Community School District to produce documents "directed at NSD's knowledge of the propensities of J.J., the alleged abuser, including his disciplinary records, behavior records, reports, correspondence, and electronically stored information, among other documents." (Dkt. 41, p. 9.) Defendants objected, asserting that HIPPA and the Federal Educational Rights and Privacy Act

---

[2] In its response, Providence-Providence Park Hospital states that it "would be happy to produce the medical records; however, as discussed above, in order to fully comply with Michigan law, HIPAA, and the Michigan Court Rules, the Hospital requires a HIPAA-compliant patient authorization or a direct court order signed by a judge." (Dkt. 63, p. 9.)

[3] HIPPA clarifies when a covered entity can disclose protected health information during a judicial proceeding. *See* 45 CFR § 164.512(e)(1). Disclosure is permitted in response to a court order, provided that the covered entity discloses only the protected health information expressly authorized by the order. 45 CFR § 164.512(e)(1)(i). Disclosure is also permitted in response to a subpoena served without a court order if the covered entity received satisfactory assurance that the party seeking the information: (1) has made reasonable effort to notify the person who is the subject of the protected health information of the request; or (2) reasonable effort has been made to secure to secure a qualified protective order. 45 CFR § 164.512(e)(1)(i)(ii). Because the subpoenaed parties apparently believe that Plaintiffs have not satisfied the requirements of 45 CFR § 164.512(e)(1)(ii), Plaintiffs are requesting a court order in compliance with 45 CFR § 164.512(e)(1)(i).

3

("FERPA") prohibited the production of the requested documents. (*See* Dkt. 41, Ex. H.)

Judge Whalen held a hearing in that matter on August 6, 2015 and issued an order granting Plaintiffs' motion to compel that same day subject to the protections stated on the record and in the order. (*See* Dkt. 49.) In his order, Judge Whalen held that both HIPPA and FERPA "provide for disclosure of otherwise confidential information 'in compliance with a judicial order,' for use in a judicial proceeding." (*Id.* at 1.) After finding that "this litigation exception" applies in this case, Judge Whalen ruled that, as a general matter, the FERPA and HIPPA statutory confidentiality provisions "do not create evidentiary privileges." (*Id.*)

Magistrate Judge Whalen's Order is supported by the statute, the regulations, and the case law.[4] It is also the law of the case in this matter. There is no reason to reconsider that ruling. The Court finds no basis, nor do Defendants or the subpoenaed parties provide any, for disturbing Judge Whalen's reasoning and conclusions, as stated on the record during the August 6, 2015 hearing and in the Order issued that same day. The only question before the Court, therefore, is whether the records sought are relevant within the broad scope of Rule 26(b)(1) of

---

[4] As Magistrate Judge Whalen states:

> Both the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g(b)(2)(B), and the Health Insurance Portability and Accountability Act ("HIPAA"), 42 U.S.C. § 1320d; 45 C.F.R. § 164.512(e), provide for disclosure of otherwise confidential information "in compliance with a judicial order," for use in a judicial proceeding. This litigation exception to disclosure applies here. *See Edmonds v. Detroit Pub. Sch. Sys.*, 2012 WL 5844655, *3 (E.D. Mich.2012). Statutory confidentiality provisions such as those under FERPA and HIPAA do not create evidentiary privileges. *See Seales v. Macomb County*, 226 F.R.D. 572, 577 (E.D. Mich. 2005).

(Dkt. 49, p. 1.)

the Federal Rules of Civil Procedure. Neither Defendants nor the subpoenaed parties assert any form of privilege or claim to confidentiality.

Accordingly, the requested records must be produced if they relate to any claim or defense raised in the present action. This case involves very serious allegations of sexual abuse and Defendants' alleged deliberate indifference to the elevated risk of such abuse. Plaintiffs must show Defendants had knowledge of the alleged abuse and were deliberately indifferent to it. Evidence that Defendants had knowledge of J.J.'s behavioral history would be relevant to showing that Defendants had ignored the elevated risk posed by J.J.'s conduct. *See, e.g., Lopez v. Metropolitan Gov't of Nashville*, 646 F. Supp.2d 891, 915-16 (M.D. Tenn. 2009) (Title IX liability not limited to a federal education funding recipient's knowledge of, and deliberate indifference to, the alleged harassment of a particular individual; Title IX claims can be based on the recipient's knowledge of, and deliberate indifference to, a particular harasser's conduct in general.)

Plaintiffs are requesting documents related to J.J.'s behavioral history and propensities including his psychiatric and behavioral records, medical assessment and testing records, counseling and therapy reports, and correspondence. (*See* Dkt. 58, Exs. C-F.) Plaintiffs assert, and Defendants and the subpoenaed parties do not challenge, that the requested materials "are directly relevant and go to the heart" of Plaintiffs' claims. (Dkt. 58, p. 10.) The Court agrees.

For the reasons stated above, the Court finds that HIPAA does not create an evidentiary privilege as a matter of law and any documents produced in response

5

to Plaintiffs' subpoenas are subject to the stipulated protective order previously entered in this case. For the convenience of the subpoenaed parties, the Court attaches a copy of this stipulated protective order (Dkt. 33) as Exhibit 1, and a copy of Magistrate Judge Whalen's August 6, 2015 order granting Plaintiff's previous motion to compel (Dkt. 49) as Exhibit 2. The subpoenaed parties are hereby **ORDERED** to produce the documents called for in the subpoenas within 21 days of the date of this order.

    **SO ORDERED.**

                                        s/Terrence G. Berg
                                        TERRENCE G. BERG
                                        UNITED STATES DISTRICT JUDGE

Dated: January 12, 2016

### Certificate of Service

I hereby certify that this Order was electronically submitted on January 12, 2016, using the CM/ECF system, which will send notification to each party.

                                      By: s/A. Chubb
                                              Case Manager