UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

C.R. and J.R., individually and as
Next Friends of Joe R., a minor,

    Plaintiffs,

v.

Novi Community School District, et al.,

    Defendants.

Case No. 14-14531
Hon. Terrence G. Berg

### ORDER GRANTING PLAINTIFFS'
### MOTION FOR CLARIFICATION (Dkt. 99)

Plaintiffs in this action have asked the Court (Dkt. 99) to clarify the scope of its February 9, 2017 order resolving the parties' cross-motions for summary judgment. (Dkt. 97).

There are two questions on which Plaintiffs seek clarification. First, regarding Count IV,[1] which alleged individual liability for violations of 42 U.S.C. § 1983 against Superintendent Matthews, Principal Shriner, Assistant Principal Comb, and Math Teacher Williams, Plaintiffs ask whether the Court's order denying the Individual Novi Defendants' motion for summary judgment on that claim as to Principal Shriner and Math Teacher Williams was intended to likewise deny summary judgment as to Matthews and Comb. It was not. The only issues of

---

[1] In their motion for clarification, Plaintiffs invert the relevant Count numbers, identifying Plaintiffs' § 1983 claims against the individual defendants as "Count III" and against NCSD the entity as "Count IV." (Dkt. 99 at Pg ID 8112-13). In the Amended Complaint, Count IV is against the individuals and Count III is against the entity. (Dkt. 12 at Pg ID 133, 136). This Order will refer to the counts as they appear in Plaintiffs' Amended Complaint.

1

fact that the record showed on the question of individual liability for a violation of § 1983 were those related to the role and conduct of Math Teacher Williams and Principal Shriner.

The second question relates to Count III, Plaintiffs' § 1983 claim for entity liability against NCSD. Plaintiffs ask whether the Court's order denying NCSD's motion for summary judgment on this claim under the failure to train theory was intended to mean that all of the other theories Plaintiffs mentioned may also go forward. The answer to this question is also no. Plaintiffs only produced sufficient evidence to create a question of fact under a failure to train theory. Plaintiffs' § 1983 claim for entity liability against NCSD survives summary judgment under that theory alone.

To explain in greater detail, the Court provides the following clarification.

I. § 1983 Individual Liability (Count IV)

In their Response to the Individual Novi Defendants' Motion for Summary Judgment, Plaintiffs contended that there was "abundant evidence" to create issues of fact for trial as to § 1983 liability "against each individual defendant". (Dkt. 87 at Pg ID 7375). Unfortunately, however, Plaintiffs' broad assertion was not supported by references to the record or evidence tailored to the specific roles of any of the Individual Novi Defendants and how their conduct met the elements needed to prove individual liability for a violation of § 1983 based on peer-on-peer sexual harassment in a school setting. (*Id.* at 7373-75). Nor did Plaintiffs cite any Sixth

Circuit authority that would suggest their conduct was sufficient for such liability to attach, except for a parenthetical citation that discusses § 1983 municipal liability and is therefore inapposite in the context of Plaintiffs' § 1983 claims against the Individual Novi Defendants. (*Id.*) (citing *Williams v. Paint Valley Local Sch. Dst.*, 400 F.3d 360, 369 (6th Cir. 2005)).[2] Given the lack of specificity of Plaintiffs' contentions and the fact that they did not provide relevant case law, the Court undertook an independent review of Sixth Circuit authority on the issue of § 1983 liability for teachers and school administrators in the context of peer-on-peer harassment and applied this authority to the evidentiary record adduced by the parties. (Dkt. 97 at Pg ID 8064-76). In light of the evidence presented, the Court concluded that, with respect to the alleged conduct of the Individual Novi Defendants, there was a genuine issue of material fact as to whether Defendant Vera Williams engaged in unconstitutional conduct in violation of § 1983—that is, regularly placing J.J. and Joe R. in a side-room where J.J. allegedly touched Joe R. inappropriately. (Dkt. 97 at Pg Ids 8068-72).

Though the evidence before the Court only raised a fact issue for trial with respect to primary liability under § 1983 against math teacher Vera Williams, a separate question that the Court considered was whether Superintendent Matthews, Principal Schriner, and Assistant Principal Comb are liable under § 1983 pursuant to a theory of supervisory liability. As explained in the Court's

---

[2] The cases Plaintiffs rely on in arguing for § 1983 liability against the Individual Novi Defendants are *Murrell v. School Dist. No. 1*, 186 F.3d 1238 (10th Cir. 1999) and *Hill v. Cundiff*, 797 F.3d 948 (11th Cir. 2015).

3

previous order, in the Sixth Circuit, to establish supervisory liability, a § 1983 plaintiff must show, at a minimum, that a supervisor knowingly acquiesced in unconstitutional conduct. (*Id*. at Pg ID 8072) (citing *Peatross v. City of Memphis*, 818 F.3d 233). The Sixth Circuit has found knowing acquiescence where supervisors: (1) fail to train their employees on a given issue, (2) fail to properly investigate a plaintiff's allegation that he suffered a constitutional violation related to this failure to train, and (3) attempt to cover up their employees allegedly unconstitutional conduct. (*Id*. at 8072-73) (citing *Peatross*, 818 F.3d at 242-43; *Coley v. Lucas Cty.*, 799 F. 3d 530 at 541-42) (6th Cir. 2015)). As explained in the Court's order, in light of the test for showing knowing acquiescence, a reasonable jury could conclude that Principal Schriner knowingly acquiesced in Vera Williams's conduct, and the Court therefore denied in part the Individual Novi Defendants' motion for summary judgment on Plaintiffs' § 1983 claim against Principal Schriner. (Dkt. 97 at Pg ID 8074-75).

As to the Individual Novi Defendants' motion for summary judgment on Plaintiffs' § 1983 claims against Superintendent Matthews or Mr. Comb, the record does not contain evidence sufficient to raise a genuine issue of material fact on the questions of whether Superintendent Matthews and Mr. Comb (1) were responsible to train NMS employees on sexual abuse issues and failed to do so, (2) were responsible for conducting an investigation into Vera Williams's conduct and did so haphazardly, and (3) attempted to conceal the touching between Joe R. and J.J. that

4

allegedly occurred in the side-room.[3] Although this result was implicit in the Court's reasoning, and in the summary of the Order which granted in part and denied in part the Individual Novi Defendants' motion, the Court acknowledges that the Individual Novi Defendants' motion for summary judgment as to Defendants Matthews and Comb for individual liability under § 1983 should have been explicitly granted, and Plaintiffs were justified in seeking clarification on this point. By this Order, that ruling is explicitly stated.

## II.   § 1983 NCSD Liability (Count III)

In their Response to NCSD's Motion for Summary Judgment, Plaintiffs argue that NCSD is liable under § 1983 for J.J.'s harassment of Joe R. under the following theories: (1) NCSD's failure to train its employees on sexual abuse issues and other deliberate indifference; (2) Joe R.'s constitutional deprivations were caused by the official customs and policies of NCSD; (3) Joe R.'s constitutional deprivations were caused by the actions of NCSD personnel with final policymaking authority; and (4) a state-created danger theory. (Dkt. 87 at Pg ID 7369).  With respect to the Individual Novi Defendants named in Count IV, Plaintiffs' error was that they failed to tailor their § 1983 arguments to address the roles of each of the Individual Novi Defendants. In Count III, charging entity liability, the shortcoming was that Plaintiffs failed to specify the constitutional violation to which their theories of §

---

[3] On the record before the Court, the evidence concerning the conduct of Matthews and Comb is not sufficient to raise a genuine issue of fact that either of them took actions that would satisfy all three of the elements that the Sixth Circuit's knowing acquiescence test requires.

1983 entity liability attached. Accordingly, the Court independently analyzed Plaintiffs' § 1983 entity liability claims in light of the only constitutional violation for which the evidence in this case creates a question of fact—that is, Vera Williams' allegedly having exposed Joe R. to a state-created danger by placing him in a side-room with J.J, thereby violating Joe R.'s Fourteenth Amendment substantive due process right to bodily integrity. In its previous order, the Court made it clear that it was denying NCSD's motion for summary judgment on Plaintiffs' § 1983 claims with respect to Plaintiffs' failure to train theory. (Dkt. 97 at 8076-77). Plaintiffs were justified in seeking clarification because the Court did not clearly address Plaintiffs' three other theories of NCSD's liability under § 1983. The reason that the Court did not address these theories is that Plaintiffs presented no evidence sufficient to create an issue of fact as to whether Vera Williams's alleged conduct in exposing Joe R. to a state-created danger by placing him in a side-room with J.J. was caused by NCSD's official customs, policies, or personnel with final policy making authority, or that an NCSD official acted in concert with Ms. Williams in creating the danger of abuse. Due to the lack of evidence adduced supporting any of these theories, they do not survive NCSD's motion for summary judgment, but there was sufficient evidence to raise a genuine issue of material fact on Plaintiffs' failure to train theory.

## III. Conclusion

In sum, as stated in the Court's Consolidated Order Resolving Cross-Motions for Summary Judgment (Dkt. 97), Plaintiffs' § 1983 claims that will proceed to trial are:

1. Plaintiffs' § 1983 municipal liability claim against NCSD based on its failure to train (Count III);

2. Plaintiffs' § 1983 substantive due process claim against Vera Williams based on a state-created danger theory (Count IV);

3. Plaintiffs' § 1983 supervisory liability claim as against Principal Schriner (Count IV).

(Dkt. 97 at Pg Id 8108).

As ordered by the Court previously, the Individual Novi Defendants' and NCSD's motions for summary judgment (Dkts. 83, 84) as to Plaintiffs' § 1983 claims against them (Counts III and IV) are **DENIED** with respect to the three claims listed above and **GRANTED** with respect to all of the other claims Plaintiffs bring pursuant to § 1983. The Court does hereby **CLARIFY** its Consolidated Order Resolving Cross-Motions for Summary Judgment (Dkt. 99) to **ORDER** that the Individual Novi Defendants' motion for summary judgment (Dkt 83) is **GRANTED** as to Defendants Matthews and Comb and NCSD's motion for summary judgment (Dkt. 84) is **GRANTED** as to Plaintiffs' theories that (1) Joe R.'s constitutional deprivation was caused by the official customs and policies of NCSD; (2) Joe R.'s constitutional deprivation was caused by the actions of NCSD personnel with final

7

policymaking authority; and (3) that an NCSD official acted in concert with Ms. Williams in creating the danger of J.J. abusing Joe R.

**SO ORDERED.**

Dated:  March 8, 2017                                    s/Terrence G. Berg
                                                         TERRENCE G. BERG
                                                         UNITED STATES DISTRICT JUDGE

### Certificate of Service

I hereby certify that this Order was electronically submitted on March 8, 2017, using the CM/ECF system, which will send notification to all parties.

                                                         s/A. Chubb
                                                         Case Manager